My first argued case is Parus Holdings v. Google and Samsung, 2022, 1269 and 1270. Mr. Campbell, please proceed. May it please the Court, John Campbell for Appellant Parus Holdings. The determination of the Patent Trial and Appeal Board on the 431 patent should be remanded for failure to consider evidence of conception and reduction to practice for three reasons. First, the PTAB violated the APA when it disregarded evidence. Second, the PTAB improperly placed a burden of establishing Kovacs as not a prior art on Parus. And third, the PTAB's decision conflicts with the AIA. Mr. Campbell, there's an old statement in the case law that says judges aren't like pigs searching for truffles. And litigants have to specify what it is that supports their case. And the PTAB disregarded evidence because there were hundreds and hundreds of pages. And you or your client was citing incorporation by reference, which was not permitted. So why doesn't – isn't that justification for not looking at some of the evidence? Well, Your Honor, first of all, there's no need for the judges, the PTAB judges, to search around as truffle – as pigs for truffles, trying to use Your Honor's saying. The evidence was placed into the record and Parus met its burden of production. At that point, Petitioner Google, who has the burden of persuasion, must persuade the PTAB that Kovacs is prior art. And the way that would play out is the petitioner in their reply brief would explain why it's still prior art. And the respondent could explain in their cert rebuttal why they're wrong. And that's exactly what – I'm sorry. Go ahead. Finish your thought. That's exactly what happened in this case. All the issues were joined through the briefing, and there were four issues raised by Google that the PTAB walked through in 13 pages. But they just disregarded the evidence rather than deciding those issues. Now, if I heard you correctly, you said that once they had the evidence before the PTAB, even if it wasn't referenced in their patent owner response, that was enough to meet their burden of production. Yes, Judge Bryson. The question, of course, is does that meet the burden of production, or is the burden of production that when you present that evidence in a way that the rules of the PTAB require it to be presented? Well, Judge Bryson, is the Supreme Court held in St. Mary's honor? And a strict reading of that would say – the quote is, by producing evidence, petitioners sustain their burden of production. Well, I guess it really depends on what you mean when you say producing evidence. If you simply back up a semi-truck to the PTO and you unload a lot of evidence, that counts as producing evidence. Doesn't the PTAB's rules requiring production of evidence in a certain way govern what constitutes production of evidence for purposes of the burden of production? Your Honor, the PTAB certainly has rules for producing evidence, and the evidence is in record. There's no dispute about that. So 42.6 goes to argument, not evidence. The evidence is in record. And so it's not as though in this case that there was a truck backed up and evidence dumped in. There was a notice for the petitioner that this evidence that was produced and identified in the table of exhibits, and really all focused on an inventor's declaration, established an earlier conception of reduction to practice and diligence. Google was on notice of that and explained why they believe that evidence didn't suffice. Is that enough? Is it enough to say you're on notice to back up that truck again and unload all these documents and then simply say the shipment has arrived? Isn't it still your burden to explain how that evidence is relevant and how that evidence plays into your theories? And without that, then it seems to me that the board is correct to, as you say, disregard it. I think, Judge Raina, this is where the Supreme Court in Greenwich Colliery said there's a problem when we start to refer to the burden of proof as having two different burdens, a burden of production and a burden of persuasion. The burden of proof— But you're putting that burden that belongs to you, you're putting that on the board. You want the board to go and filter and to manage all that evidence, as you call it, and now you're asking us to do it. No, Your Honor. The burden—there's a burden of production, which is not a burden of persuasion or a burden of proof. There's a burden of production that St. Mary's says submits evidence. The evidence was submitted. The petitioner then bears the burden of proof to show that Kovacs, in this instance, the prior art, remains prior art. The petitioner bears that burden. Would you agree that the burden of production can be characterized fairly as essentially presenting evidence sufficient to establish a prima facie case? That's essentially what St. Mary's says, doesn't it, in so many words? Well, it says producing evidence to sustain their burden. Evidence that would be sufficient to justify a conclusion in your client's favor if it were A, believed, and B, unrebutted. That's a fair definition of burden of production, is it not? Your Honor, I— Well, that's what St. Mary's says. Well, it says by producing evidence, whether ultimately persuasive or not. In other words, it's got to be enough to justify a conclusion in your favor. To be persuasive. Well, in order to meet the burden of production. If you don't have enough to actually get you over the line if it's unrebutted and if it's believed, you haven't satisfied the burden of producing evidence to support your position, have you? That sounds to me, Judge Bryson, like that would be contrary to the parenthetical of St. Mary's that says by producing evidence, parenthetical, whether ultimately persuasive or not. Well, ultimately, after the other side has come in and shown that there are other considerations. But if I recall the language from St. Mary's, it's essentially stating the prima facie evidence requirement. Again, whether ultimately persuasive or not, I don't think depends on what the other side does. I guess it depends on what the word ultimately means. I would assume that they mean at the end of the day, at the end of all the litigation. But if it's so voluminous, if it's so voluminous that it doesn't stand out particularly and specifically, it doesn't satisfy the burden of production. Your Honor, there may be notice issues that the PTAB wants to make rules on. But in this case, that wasn't a problem. The evidence stood out. I mean, the PTAB went through in 13 pages and described the evidence. The Paris did in its response brief explain that as to conception, it was shown through Alexander Kurganov's testimony. As to reduction of practice, the evidence produced in Mr. Kurganov's declaration. As to diligence, it relied on source code revision laws. So it's not as though there's this mountain of evidence that the PTAB judges need to go through. There is evidence that is cited in the response brief that the petitioner needs to go through and explain why under their burden of persuasion, that prior art is still prior art. And what's the burden here on us? Abuse of discretion? No, not here, Your Honor, because this violates both the Administrative Procedures Act. It improperly shifts the burden under Supreme Court law of St. Mary's and Greenwich Collieries. And it violates the CIA. So that's de novo. It's a de novo review because it's a matter of law of whether those instances were violated here and they were. So I think, Judge Bryson, to go back with you. I would review the board's decisions as how it handles its processes, how it administers its procedures under an abuse of discretion standard. Your Honor, you review whether the board's application of its rules under an abuse of discretion standard. But the application of whether the board is violating the APA, violating Supreme Court rules on burdens of persuasion and burden of production, those are matters of law of which this court reviews de novo. And I think part of the issue here is that there's a difference in the burdens here. There's a burden of production and a burden of persuasion. And the Supreme Court back in Greenwich Collieries said, look, this has been ambiguous. It's defined as a burden of proof, as though there's two different burdens of proof. And that's not the case. And they wanted to get rid of that ambiguity and focus on burden of persuasion being burden of proof and burden of production being something wholly separate. And unfortunately, this court's opinions since that time has still talked about there being two different burdens of proof. And this is an opportunity to clarify that and say, no, there's not two different burdens of proof. The Supreme Court has told us that. What there is is there's one burden of proof. That's a burden of persuasion. And then there's a burden of production. And to go back, Judge Bryson, what you were talking about, production, you produce the evidence. It's in evidence. Maybe you don't have enough evidence. Maybe your evidence all standing alone without any response from the other side simply is not persuasive. And that doesn't ultimately convince the fact finder or the decision maker. But it is in evidence. You did produce something. You did meet a burden of production. Burden of production doesn't require that to overcome some threshold of being convincing or not convincing. These patents are expired, aren't they? Yes. Is there other litigation going on? There is litigation going on. I'm not sure on the expiration date, Judge Lared, I'd have to double check that. But there is litigation going on, yes. There is litigation currently stayed pending the outcome of this. But not other than against Google and Samsung? It's actually just Google at this point. Just Google? Yes. So when you say some evidence, are you suggesting that any degree of evidence, any amount of evidence going generally to the issue on which a burden of production is imposed is enough? Even if, for example, there are three elements that you need to satisfy as part of your burden of production. You introduce evidence as to one. That surely wouldn't be enough, right? Surely it wouldn't be enough to convince anyone. No, no, but it wouldn't even be enough to meet the burden of production, would it? At that point, we're having a real hard time with distinguishing, and this is the problem the Supreme Court has. No, but this is a pretty simple hypothetical. You have – there are three elements that are necessary to establish. And the burden of production is on you, let's say, as to this issue. You introduce evidence as to one of those three elements but not the other two. Have you satisfied your burden of production? I think given that the Supreme Court says producing evidence, whether ultimately persuasive or not, I think that would fall into, yes, you produced evidence. No, it's not ultimately persuasive. It can't be persuasive. And so, you know, Your Honor's question specifically said establishing, right? Well, establish or at least provide a basis on which an adjudicator could move in your favor if that evidence were believed and unrebutted. Okay, so – and I think the difference in language there is important, right? So, no, somebody could not find – could not find for you if that evidence stood and was unrebutted. You only produced evidence on one element. But establishing, right? Establishing, that's the language of Magnum Oil Tools, and that's the language that comes from the interference context, and that's the language that PTAB relied upon when it was struggling with these burdens of what has to be done. And establishing is a burden of persuasion. And just to be clear, that – the hypothetical is very interesting, but it's not what happened here, right? It's – there was not just a failure on one element or another. Counsel, you're well into your rebuttal time. We'll save two minutes for you. And these patents go back to 2001, so it presumptively will expire. That makes sense. Thank you, Your Honor. Mr. Speed. Good morning, Your Honor. It's Nathan Speed on behalf of Google, and please, the Court. I'll start right with the St. Mary's case and go to the burden of production issue that was the focus of the argument. St. Mary's case, it's U.S. – you have the site, but the Penn site is at 507. It clearly states that the burden of production requires that the defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions, which if believed by the fact – the trier of fact, would support a finding that unlawful discrimination in that case occurred. So St. Mary's is directly on point in stating that the burden of production is not merely producing exhibits into the record, but providing an explanation as to the significance of those exhibits, so that the burden then shifts to the other side to refute them. So I think St. Mary's is a Title VII discriminatory action case. In that context, under the McDonald-Douglas framework, if an employee comes forth with certain facts, they establish a prima facie case that they were terminated for discriminatory reasons. The burden of production then shifts to the employer to bring forth evidence that the reason for the termination was not discrimination. And the court in St. Mary's made clear that it's not just producing evidence, but an explanation so that the employee, or the party moving the first instance, has a place to focus their arguments and attack the prima facie cases Your Honor was raising earlier. Under Paris' reading of the burden of production, in an employment discrimination case, the employer would be okay to come in and put on the table the entire employment history of the employee and say the reason we terminated the employee is found in there. Burden of production met. And now both the employee and the district court have to go through the evidence and try to figure out what in there could possibly be a basis for the termination. That can't possibly be what the burden of production is. Is it your position that the reference to ultimately persuasive means at the end of the case, after all the evidence has been in, or what's your view of that language in the Supreme Court's case? Correct. It means that in the context of anti-dating evidence, the petitioner in IPR has initial burden of production to identify prior art. If the patent owner, as Paris did in this case, elects to assert effectively an affirmative defense that they can predate that prior art, they undertake a burden of production to demonstrate how they're able to get that earlier conception, through earlier conception and reduction of practice. Then once all the evidence is on the table, it's ultimately on the petitioner, Google in this case, to prove by a preponderance of the evidence at the PTAB that they're wrong, we're right, and that this prior art truly predates their invention and renders it obvious. So ultimately it's after everything's on the table, the fact finder goes back and looks at it. For the burden of production, we agree with what St. Mary says, that the board might have to take as true whatever they say, even if we think it's incredible and not reliable. They need to, for the burden of production, take it as true. But the problem for Paris here is everything they said about the significance of their evidence was in a 23,000-word declaration that they tried to incorporate by reference into the patent owner's response against, which is prohibited by the board's rules. There was some discussion about the truffles and having to go through and how Google was able to find the truffles. I want to be clear that the only reason that we were able to find the truffles in this case is because they did offer an explanation as to what the relevance of the evidence was. They submitted three declarations and a 50-page claim chart that kind of pointed to the different evidence. But they introduced that evidence in an improper manner. For the next case, if Paris' position were adopted, the next patent owner has no incentive to include declarations or a claim chart. They'll just back up the truck with evidence and put it onto the petitioner to have to sort through. So we were only able to identify the flaws in their evidence substantively because they had attempted below to provide that explanation. They just did it in a procedurally improper manner. And the fact that they introduced three declarations and a claim chart below demonstrates that when they filed their patent owner response, they knew that the burden of production required more than just producing evidence. Why isn't that enough? If one of the declarations, for example, has citations to the record, other citations, wouldn't that citation, the information in that citation, come into play? The problem there would be that their reference to the declaration, what attempted to incorporate bodily the entirety of that declaration, which the board has consistently found would be a violation of their incorporation by reference rules. And this court in the General Access case faced a very similar circumstance where you had a patent owner that was attempting to anti-data reference. They had a single paragraph on conception. They said conception was done on day X as evidenced in our expert declaration who has a claim chart that maps the claims to a single document. And the board said you can't do that. We would have to go to the expert declaration, then go to the claim chart to figure out what your arguments are, and you're supposed to put them into the briefing. You didn't do that. This court affirmed, explaining that the patent owner, when asserting an anti-dating affirmative defense effectively, has a burden of production to come forth and provide some explanation in its briefing as to the relevance of its exhibits and can't force the board and the parties to have to go and look at those arguments that are outside the pleadings. So this case is directly on point with, or General Access is directly on point with this case. If anything, it's worse here because in that case you had a single expert, a single claim chart, and a single document that was the anti-dating document. Here we have the entire second volume of the appendix is effectively source code that was just dumped on to Google and to the board. And so we have a lot more evidence that we would have had to sort through. The suggestion that there's any inconsistency with this court's case law and the Supreme Court case law, I don't think that's correct. Technology Licensing Court identifies in the very first paragraph of the legal discussion the fact that the idea of burdens needs to be referenced in the plural because there are two burdens, a burden of production and a burden of persuasion. It walks through in detail what the differences between the two are. It's completely consistent with St. Mary's. The Greenwich case from the Supreme Court that Parris cited in its brief, that case simply stands for the proposition that when the APA in 1946, when Congress passed the APA, Section 7C of the APA said that the moving party had the burden of proof. And the question was what does burden of proof mean because historically it could mean either persuasion or production. The court said that by 1946 the consensus among the legal scholars was that it meant burden of persuasion and Congress was assumed to pass the law with that understanding of it. And so the APA, where it says burden of proof, was interpreted to mean burden of persuasion. That is completely consistent with what this court said in Technology Licensing Court. And Technology Licensing Court is the case that Dynamic Drinkware cites to apply the rules of burden, the shifting of burden of production to the patent owner in an anti-dating context to the end of parties review proceedings. And it's the same language that the Magnum Oil discussion cites as well. Unless there's any other questions on Kovacs, I can briefly discuss the written description issue in the case. Okay, I will do that. The key limitation on the written description issue, and this is for the 847 IPR, so it would be completely dispositive for that IPR, and that's all challenge claims of the 084 patent and claim 9 of the 431 patent. On this issue, the key limitation is that you need a system, all the claims are set in a system that periodically searches for and identifies new websites and adds them to a pre-existing list of websites. We identified the Kirkunov 262 reference as a primary reference and combined it with a secondary reference to argue that these claims would be unpatentable. Paris, again, brought an anti-dating defense, this time pointing to an earlier application in their priority chain and said that they can claim earlier priority to that application. Under Section 120, they would need to demonstrate that they have written description support to do so. So the whole focus was whether or not there is written description support for a system that searches for and identifies new websites and adds them to a pre-selected listing of websites. The board looked at the disclosure of the 996 application, which is the priority document, and it concluded that the only discussion of any searching for anything new is in an embodiment that deals with devices. Just taking a step back, the priority application describes two basic embodiments. You have a web browser embodiment where you call up on a phone and you say, what's the weather in Chicago? It goes out and finds a website that has that information and returns it back to you. It has a second embodiment, a device-focused embodiment, where you call up and say, hey, I'm in Chicago, turn off my lights in Boston, and it turns off your home lights on that network. The board looked and found that the only discussion of adding anything new was with the device embodiment, and in that embodiment there's a functionality where the system will pull or ping devices in its network, and if it gets an unexpected response, it says, oh, there must be a new device here. So Parrish pointed to that as demonstrating that there would be written description support for importing that functionality into the first embodiment so that the first embodiment could go out and search for websites. The board disagreed, and it was reasonable in doing so, and this court should affirm. The basic reason that they disagreed is that the first embodiment already has a pulling and pinging functionality, and that functionality, it pulls and pings websites within its database already. Basically, if you want to know the weather in Chicago, it's ideal to have the best website, and so you need to constantly check the websites that you know about. But it doesn't go looking for new ones. It doesn't go looking for new ones, right, exactly. And also just briefly, the other point that the board observed was that the claims actually distinguish between pulling and searching. So these claims are about searching, and there are other claims and patents about pulling, and it said that that underscores that there's a difference between pulling and searching. So whatever the pulling that occurs in the description is not the searching that's there. Unless there's any further questions, I'm happy to yield the remainder of my time to the court. Thank you, Mr. Speed. Mr. Campbell has two minutes for rebuttal. Thank you, Your Honor. We dealt with some hypotheticals, but just to go back here, in this case, Parrish's response brief argued that conception was established through Mr. Kurganov's testimony, reduction to practice was established through Mr. Kurganov's testimony, diligence was established through Mr. Kurganov's testimony, and the source code bogged. So there was argument that was in the briefing. And so we're dealing with what is the quantum of argument that is necessary? What is the quantum that is placed, or the burden that is placed on Parrish? And I think general access actually shows the problem here, because general access rested upon the proposition that the burden of establishing the earlier conception of reduction to practice was on the patentee. But what is a burden of establishing? Is a burden of establishing a burden of production or a burden of persuasion? Establishing, to me, sounds like a burden of persuasion. You need to persuade, you need to establish, you need to prove this. And there is no doubt, counsel says that the burdens have been treated separately. This court, in TLC and dynamic, talked about burdens, plural, explicitly said burdens, plural, of proof. The Supreme Court has said there's not burdens, plural, of proof. There's one burden of proof. That's the burden of persuasion. That's it. There's one burden of proof. Then there's a burden of production. It's wholly different. Here, by creating this burden of establishing that general access does and rests on, they've allowed it to be that the patent owner has to prove conception of reduction to practice rather than arguing those earlier conception of reduction to practice and presenting the evidence, providing the evidence for that to meet their burden of production. Thank you, counsel. The case is submitted.